IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILLIAM BOYD, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 07-581-JJF |
| | : | |
| INSURANCE & FINANCIAL | : | |
| SERVICES, | : | |
| | : | |
| Defendant. | : | |

---

William Boyd, Pro se Plaintiff, Newark, Delaware.

---

**MEMORANDUM OPINION**

December 10, 2007
Wilmington, Delaware

**Farnan,** District Judge

Plaintiff William Boyd filed this action on September 24, 2007. He appears pro se and was granted in forma pauperis status pursuant to 28 U.S.C. § 1915. (D.I. 6.)

For the reasons discussed below, the Court will dismiss the Complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

## I.  BACKGROUND

Plaintiff alleges Defendant conducted business with his company without his permission which cost Plaintiff large sums of money. Plaintiff alleges he lost his company and cannot get "workers comp" because of Defendant's errors. Plaintiff alleges John Boyd, a non-party, contacted Defendant and Defendant made changes to Plaintiff's policy. Plaintiff alleges this occurred even though he had contacted his agent and told him not conduct business with anyone except Plaintiff. The Complaint states that both Plaintiff and Defendant are located in Delaware. Plaintiff seeks damages in the amount of $260,000.

## II.  STANDARD OF REVIEW

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. Section 1915(e)(2)(B) provides that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief

2

from a defendant immune from such relief.  An action is frivolous
if it "lacks an arguable basis either in law or in fact," <u>Neitzke</u>
<u>v. Williams</u>, 490 U.S. 319, 325 (1989), and the claims "are of
little or no weight, value, or importance, not worthy of serious
consideration, or trivial."  <u>Deutsch v. United States</u>, 67 F.3d
1080, 1083 (3d Cir. 1995).

In performing the Court's screening function under §
1915(e)(2)(B), the Court applies the standard applicable to a
motion to dismiss under Fed. R. Civ. P. 12(b)(6).  <u>Fullman v.</u>
<u>Pennsylvania Dep't of Corr.</u>, No. 4:07CV-000079, 2007 WL 257617
(M.D. Pa. Jan. 25, 2007) (citing <u>Weiss v. Cooley</u>, 230 F.3d 1027,
1029 (7th Cir. 2000).  The Court must accept all factual
allegations in a complaint as true and take them in the light
most favorable to plaintiff.  <u>Erickson v. Pardus</u>, -U.S.-, 127
S.Ct. 2197, 2200 (2007); <u>Christopher v. Harbury</u>, 536 U.S. 403,
406 (2002).  A complaint must contain "'a short and plain
statement of the claim showing that the pleader is entitled to
relief,' in order to 'give the defendant fair notice of what the
. . . claim is and the grounds upon which it rests.'"  <u>Bell Atl.</u>
<u>Corp. v. Twombly</u>, -U.S.-, 127 S.Ct. 1955, 1964 (2007) (quoting
<u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)).  A complaint does not
need detailed factual allegations, however "a plaintiff's
obligation to provide the 'grounds' of his 'entitlement to
relief' requires more than labels and conclusions, and a

3

formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). Because Plaintiff proceeds pro se, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. Erickson v. Pardus, -U.S.-, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

## III. ANALYSIS

This case cannot proceed for the simple reason that Plaintiff has not alleged facts or set forth federal statutes that raise a federal question for the Court to consider. Initially, the Court notes that there are no allegations of diversity of citizenship. The essence of Plaintiff's Complaint is that Defendant conducted business, improperly and without his permission, with Plaintiff's company causing him damage. The claims suggest Plaintiff may have a claim under state law, however, the Complaint fails to state a claim under federal law.

Because the Complaint contains no federal question and there are no allegations of diversity of citizenship, the Court has no jurisdiction over the matter. 28 U.S.C. § 1331, 28 U.S.C. § 1332; See e.g., Manchester v. Rzewnicki, 777 F. Supp. 319, 329

4

(D. Del. 1991), aff'd, 958 F.2d 364 (3d Cir. 1992). The Complaint must be dismissed for want of jurisdiction. The Complaint lacks an arguable basis either in law or in fact. Therefore, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## IV. CONCLUSION

Based upon the foregoing analysis, the Complaint will be dismissed for failure to state a claim upon which relief may be granted, and for want of jurisdiction pursuant to 28 U.S.C. § 1915(e)(2)(B). Amendment of the Complaint would be futile. See Alston v. Parker, 363 F.3d 229 (3d Cir. 2004); Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002); Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976). An appropriate Order will be entered.