IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

WILLIAM BOYD,                       :
                                    :
        Plaintiff,                  :
                                    :
        v.                          :   Civil Action No. 07-581-JJF
                                    :
INSURANCE & FINANCIAL               :
SERVICES,                           :
                                    :
        Defendant.                  :

**MEMORANDUM OPINION AND ORDER**

I. **BACKGROUND**

Plaintiff, who appears pro se, filed suit this lawsuit against Defendant Insurance & Financial Services. (D.I. 2.) Plaintiff proceeds pro se and was granted leave to proceed in forma pauperis. On December 10, 2007, the Court dismissed the case for failure to state a claim upon which relief may be granted, and for want of jurisdiction. (D.I. 7, 8.) Plaintiff now seeks reconsideration of the order dismissing his case. (D.I. 9.)

II. **STANDARD OF REVIEW**

The standard for obtaining relief under Rule 59(e) is difficult for Plaintiff to meet. The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). A motion for reconsideration may be granted if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new

evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. <u>Max's Seafood Café v. Quinteros</u>, 176 F.3d 669, 677 (3d Cir. 1999).

A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. <u>See</u> <u>Glendon Energy Co. v. Borough of Glendon</u>, 836 F. Supp. 1109, 1122 (E. D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." <u>Brambles USA, Inc. v. Blocker</u>, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." <u>Brambles USA</u>, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); <u>See also</u> D. Del. LR 7.1.5.

### III. DISCUSSION

The Court dismissed Plaintiff's Complaint on the basis that it did not allege facts or set forth federal statutes that raised a federal question for the Court to consider. Additionally, there were no allegations of diversity. In Plaintiff's Motion For Reconsideration, he now claims that Defendant violated his

right on the grounds of antitrust laws. (D.I. 9.) He claims that Defendant violated the Sherman Act, 15 U.S.C. §§ 1, 2, and that Defendant committed embezzlement, extortion, identify theft, and bank fraud to destroy Plaintiff and his companies. The Sherman Act claim was not alleged in Plaintiff's Complaint, and it appears Plaintiff makes this new claim, again, to vest this Court with jurisdiction.

Plaintiff does not meet the standard for reconsideration. The Sherman Act claim was not pled in the original Complaint nor was there a hint that Plaintiff meant to make such a claim. Indeed, the Court did not err in dismissing Plaintiff's original Complaint as it failed to state a cognizable claim for relief. Plaintiff may not use a motion for reconsideration as a means for amendment since the purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. Moreover, a motion for reconsideration may not be used as a means to argue new issues that were inexcusably not presented in the original Complaint.

Plaintiff provides no valid reason for the Court to reconsider its December 10, 2007 ruling. There is no need to correct a clear error of law or fact or to prevent manifest injustice. Plaintiff has not demonstrated any of the grounds necessary to warrant reconsideration and, therefore, his motion will be denied.

THEREFORE, at Wilmington this 29 day of April, 2008, IT IS ORDERED that Plaintiff's Motion for Reconsideration (D.I. 9) is **DENIED**.

                                                                                            /s/ Joseph J. Farnan, Jr.
UNITED STATES DISTRICT JUDGE